Filed 7/30/24  P. v. Murillo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D082520 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD189155) |
| JOAQUIN MURILLO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

Joaquin Murillo, in pro. per.; and Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2004, a jury convicted Joaquin Murillo of attempted premeditated murder (Pen. Code,[1] §§ 664/187, subd. (a), 189; count 1), and first degree robbery (§§ 211, 212.5; count 2).  Both offenses were enhanced by firearm allegations under section 12022.53, subdivisions (b), (c) and (d)).

_____

[1]     All statutory references are to the Penal Code.

The court sentenced Murillo to life with the possibility of parole for count 1 and imposed a 25-year-to-life term for the firearm enhancement under section 12022.53 and one year for the prison prior (§ 667.5, subd. (b)). The sentence on count 2 was stayed under section 654.

Murillo appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Murillo* (Feb. 27, 2007, D046976).)

In 2023, the trial court held a hearing at the request of the California Department of Corrections and Rehabilitation to determine whether Murillo should be resentenced under section 1172.75. At the conclusion of the resentencing hearing, the court found early release of Murillo would pose a risk of public danger. The court struck the two, now, invalid prison priors and essentially imposed the original sentence.

Murillo filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*.

We advised Murillo he could file his own brief on appeal. Murillo has responded by filing a supplemental brief in which he argues the court violated multiple constitutional rights. He contends the sentence is too long and is equivalent to a death sentence. He also criticizes the court's finding he poses a risk if released early. The court said, in part, "Mr. Murillo has continued to demonstrate that his behavior has not changed, that even in prison he continues to be a threat to other people. The Court believes it would not be appropriate to deviate from the original sentence beyond the dismissal of the prison priors and cannot dismiss the enhancement as requested."

2

Murillo contends the judge was biased because she reviewed the prison record regarding his continued violence and misconduct in prison and prison reports are biased.

We have carefully reviewed Murillo's extensive complaints in light of the record on appeal. Nothing in Murillo's current brief raises an arguable issue for reversal on appeal.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues that were considered in evaluating the potential merits of this appeal.

1. Whether the court erred in denying any sentence reduction based on a finding that Murillo posed an unreasonable risk to public safety.

2. Whether the court erred in applying the standard "endanger public safety" found in section 1385 rather than the "unreasonable risk to public safety" described in section 1170.18.

We have reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Murillo on this appeal.

DISPOSITION

The judgment is affirmed.


                                                            HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


RUBIN, J.